# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5766 | **DATE** | November 12, 2010 |
| **CASE TITLE** | United States of America ex rel. Michael Thomas (B-65390) vs. Warden Geraldo Acevedo | | |

**DOCKET ENTRY TEXT**

Respondent is ordered to answer or otherwise respond to the petition within thirty days. Petitioner's motions for appointment of counsel (Dkt. No. 4) and extension of time to file his federal habeas corpus petition (Dkt. No. 5), are denied. On the Court's own motion, the Attorney General of the State of Illinois is dismissed as a respondent.

■ [For further details see text below.]                                      Docketing to mail notices.

## STATEMENT

Michael Thomas (B-65390), a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 2001 conviction in the Circuit Court of Cook County, No. 01 CR 12540-01, for first degree murder. He raises five "claims" that have a total of 24 legal arguments in support including alleged evidentiary errors, prosecutorial misconduct, a coerced confession, and ineffective assistance of trial and appellate counsel. He states that he has litigated various claims in the state courts on direct appeal, *see People v. Thomas*, 861 N.E.2d 663 (Ill. 2006) (Table) (denial of petition for leave to appeal in the Supreme Court of Illinois), and in two state post-conviction proceedings. Petitioner's discussion of his first and second state post-conviction proceedings is somewhat unclear — the Court is unsure if he appealed his first post-conviction proceedings to the Illinois Supreme Court, *see O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), and whether his second post-conviction is presently proceeding. Petitioner has paid the five dollar filing fee. (Dkt. No. 6). Pending before the Court is an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and petitioner's motions for appointment of counsel (Dkt. No. 4), and extension of time to file federal writ of habeas corpus. (Dkt. No. 5).

Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the Court orders respondent to answer or otherwise respond to the petition. Plaintiff alleges a number of federal constitutional claims that can be cognizable under 28 U.S.C. § 2254. Additionally, the Court cannot conclude that the petition plainly appears to either to be untimely or that any claims are procedurally defaulted. The Court shall leave it to respondent to raise any affirmative defenses he desires. Accordingly, the respondent is ordered to answer or otherwise respond to the petition within thirty days.

As to the question of timeliness, the Court must deny petitioner's motion for an extension of time to file his federal habeas corpus petition. (Dkt. No. 5). The statute of limitations is set forth by Congress pursuant to 28 U.S.C. § 2244. It is up to respondent to raise a statute of limitations argument in the first

instance. *See Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) (citing *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004)) ("Expiration of statute of limitations is [an] affirmative defense."). At that time, petitioner may choose to dispute respondent's calculation under the statute of limitations including: (1) the date that petitioner's one-year period began to run under the statute, *see* 28 U.S.C. § 2244(d)(1); *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009); *Moore v. Battaglia*, 476 F.3d 504 (7th Cir. 2007); *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005), (2) whether a state proceeding tolled the statute of limitations, *see* 28 U.S.C. § 2244(d)(2), or (3) whether petitioner may avail himself of equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549 (2010).

Petitioner is reminded that traditionally a prisoner is only able to bring one federal habeas corpus petition under 28 U.S.C. § 2254 and may not bring a second or successive petition unless certain exceptions are met. *See* 28 U.S.C. § 2244(b). As mentioned above, petitioner states that has brought a second state postconviction proceeding, but fails to explain whether that proceeding is presently pending. Petitioner should attempt to bring all of his claims in the present petition. Consequently, because the Court cannot determine at this time whether the second state post-conviction proceeding is presently pending, the Court will not stay this federal habeas proceedings at this time. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (explaining that a habeas proceeding may be stayed so that a prisoner can exhaust his available state court remedies).

Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied as premature. Counsel is traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review the respondent's response to the petition.

Finally, on the Court's own motion, the Attorney General of Illinois is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Attorney General is not a proper respondent.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court.

Respondent is ordered to answer or otherwise respond to the petition within thirty days. Petitioner's motions for appointment of counsel (Dkt. No. 4) and extension of time to file his federal habeas corpus petition (Dkt. No. 5), are denied. On the Court's own motion, the Attorney General of the State of Illinois is dismissed as a respondent.