IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL THOMAS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 10 C 5766 |
| GERARDO ACEVEDO, Warden, Hill Correctional Center, | ) ) ) ) | The Honorable Joan H. Lefkow, |
| Respondent. | ) | Judge Presiding. |

## <u>MOTION TO DISMISS</u>

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent GERARDO ACEVEDO moves to dismiss the petition for a writ of habeas corpus filed in the above-captioned case with prejudice as untimely under 28 U.S.C. § 2244(d). In support, respondent states as follows:

1.      Petitioner Michael Thomas, identified as prisoner number B65390, is incarcerated at the Hill Correctional Center in Galesburg, Illinois, where he is in the custody of respondent Gerardo Acevedo, the warden of that facility.

2.      In April 2004, following a jury trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of the first degree murder of Janice Gilbert and was sentenced to fifty-two years of imprisonment. *See* Judgment, *People v. Thomas*, No. 01 CR 12540 (Cook Cty. Cir. Ct.) (Exh. A).[1]

---

[1] Although there was only a single victim, the circuit court entered judgment on three counts of murder — one for each of the types of murder with which petitioner was charged. The judgment indicated that petitioner was sentenced to

3.     The Illinois Appellate Court affirmed petitioner's conviction and sentence on direct appeal, *see People v. Thomas*, No. 1-04-1391 (Ill.App. 2006) (unpublished order) (Exh. B), and the Illinois Supreme Court denied leave to appeal on November 29, 2006. *See* Order Denying Leave to Appeal, *People v. Thomas*, No. 103338 (Ill. 2006) (Exh. C). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. *See* Pet. 2.

4.     On May 18, 2007, petitioner filed a pro se postconviction petition in the Circuit Court of Cook County pursuant to 725 ILCS 5/122-1, *et seq*. *See* Postconviction Petition, *People v. Thomas*, No. 03 CR 12540 (Exh. D).[2] On August 9, 2007, the circuit court summarily dismissed the petition. *See* Order, *People v. Thomas*, No. 03 CR 12540 (Cook Cty. Cir. Ct.) (Exh. E). Petitioner filed a motion for reconsideration, *see* Motion For Reconsideration, *People v. Thomas*, No. 03 CR 12540 (Exh. F), that the circuit court denied on September 25, 2007. *See*

---

concurrent terms of fifty-two years on each count. The state appellate court, on postconviction review, later vacated two of the murder convictions under Illinois's one-act, one-crime doctrine and directed the clerk to amend the judgment accordingly. *See infra* ¶ 5.

[2] Illinois generally extends the "mailbox rule" to pro se postconviction petitions when there is proof of service or an affidavit verifying the date on which the petitioner mailed his petition to the trial court. *See People v. Saunders*, 633 N.E.2d 1340, 1341-43 (Ill.App. 1994). In the proof of service filed with his postconviction petition, petitioner declared under penalty of perjury that he placed the petition in the prison's institutional mail on May 18, 2007. Accordingly, even though the petition was not filed stamped by the Circuit Court of Cook County until June 19, 2007, respondent will use May 18, 2007 as the date the petition was filed in calculating the timeliness of petitioner's federal habeas petition.

Notification of Order, *People v. Thomas*, No. 03 CR 12540 (Cook Cty. Cir. Ct.) (Exh. G).

5.     Petitioner filed a notice of appeal.  *See* Notice of Appeal, *People v. Thomas*, No. 03 CR 12540 (Exh. H).  On appeal, petitioner's appointed counsel from the Office of the State Appellate Defender filed an agreed motion for summary disposition, arguing that the trial court erred in entering convictions on three counts of first degree murder where there was only one victim, and requesting that two of the convictions be vacated and the mittimus be amended accordingly.  *See* Agreed Motion For Summary Disposition, *People v. Thomas*, No. 1-07-2883 (Exh. I). On January 2, 2009, the Illinois Appellate Court granted the motion, directing the Clerk of the Circuit Court of Cook County to vacate two of petitioner's first degree murder convictions and ordering that the mittimus be corrected to reflect a single conviction for intentional first degree murder.  *See* Order, *People v. Thomas*, No. 1-07-2883 (Ill.App. 2009) (Exh. J).  The circuit court issued a corrected mittimus on March 27, 2009.  *See* State Court Docket Sheet, *People v. Thomas*, No. 010CR 12540 (Exh. K) at 10.

6.     On September 2, 2010, petitioner filed a motion for leave to file a successive postconviction petition in the Circuit Court of Cook County.  *See* Doc. 15.[3]

---

[3] Although the motion was not file stamped by the circuit court until September 21, 2010, petitioner's proof of service stated that he placed it in the prison's mail system on September 2, 2010.  *See supra* n. 2.

The circuit court denied petitioner leave to file the successive petition on December 10, 2010. *See* Exh. K at 11.

7. On September 7, 2010, petitioner filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (Doc. 1).[4] The petition presents five "claims," with a total of twenty-four supporting legal arguments, including alleged evidentiary errors, prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and a coerced confession claim. *See* (Doc. 9).

8. On September 15, 2010, petitioner requested that the Court stay these proceedings until the state courts have ruled on his motion for leave to file a successive postconviction petition. (Doc. 14).

9. The following state court materials in support of this motion to dismiss are being electronically filed contemporaneously with this motion:

Exhibit A:  *People v. Thomas*, No. 01 CR 12540 (Cook Cty. Cir. Ct.);

Exhibit B:  *People v. Thomas*, No. 1-04-1391 (Ill.App. 2006) (unpublished order);

Exhibit C:  Order Denying Leave to Appeal, *People v. Thomas*, No. 103338 (Ill. 2006);

---

[4] The petition was not file-stamped by the Court until September 10, 2010. But this Court's online CM/ECF docket indicates that the envelope received by the Court was postmarked September 7, 2010. Because petitioner did not file a proof of service indicating that he placed the petition in the prison's mail system, with postage prepaid, on an earlier date, *see* Rule 3(d) of the Rules Governing Section 2254 Cases, September 7, 2010 should be considered the date on which the petition was filed under the "mailbox rule." *Cf. United States v. Craig*, 368 F.3d 738, 740-41 (7th Cir. 2004) (requiring strict compliance with similarly-worded "mailbox rule" in Fed. R. App. P. 4(c)).

Exhibit D:    Postconviction Petition, *People v. Thomas*, No. 03 CR 12540;

Exhibit E:    Order, *People v. Thomas*, No. 03 CR 12540 (Cook Cty. Cir. Ct.);

Exhibit F:    Motion For Reconsideration, *People v. Thomas*, No. 03 CR 12540;

Exhibit G:    Notification of Order, *People v. Thomas*, No. 03 CR 12540 (Cook Cty. Cir. Ct.);

Exhibit H:    Notice of Appeal, *People v. Thomas*, No. 03 CR 12540;

Exhibit I:    Agreed Motion For Summary Disposition, *People v. Thomas*, No. 1-07-2883;

Exhibit J:    Order, *People v. Thomas*, No. 1-07-2883 (Ill.App. 2009); and

Exhibit K:    State Court Docket Sheet, *People v. Thomas*, No. 010CR 12540.

## ARGUMENT

The petition is untimely under 28 U.S.C. § 2244(d). Moreover, the state court resolution of petitioner's motion for leave to file a successive postconviction petition (which the state trial court recently denied) will have no effect on the timeliness of petitioner's federal habeas petition. Accordingly, petitioner's motion for a stay should be denied, and his federal habeas petition should be dismissed with prejudice as untimely.

Section 2244(d) provides that:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The petition does not allege a state-created impediment to filing, assert a newly recognized and retroactively applicable constitutional right, or rely on a subsequently discovered factual predicate for any of the claims presented. Accordingly, subsections (B), (C), and (D) are inapplicable. Rather, petitioner's one-year statute of limitations began to run on "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). After the Illinois Appellate Court affirmed petitioner's conviction and sentence on direct appeal, the Illinois Supreme

Court denied petitioner leave to appeal on November 29, 2006. *See* Exh. C.

Petitioner then had ninety days in which to file a petition for writ of certiorari in

the United States Supreme Court, *see* Sup. Ct. R. 13, which he did not do. *See* Pet.

2. Therefore, petitioner's conviction became "final by the . . . expiration of the time

for seeking [direct] review" on February 27, 2007 — ninety days after the Illinois

Supreme Court denied leave to appeal. *See Gutierrez v. Schomig*, 233 F.3d 490, 492

(7th Cir. 2000).

Petitioner tolled the limitations period on May 18, 2007, by filing a

postconviction petition in state court. *See* § 2244(d)(2); *Wilson v. Battles*, 302 F.3d

745, 747 (7th Cir. 2002). However, between February 27, 2007 (when the

limitations period began to run), and May 18, 2007 (when he filed his postconviction

petition), 80 days of untolled time elapsed. Petitioner's postconviction proceedings

remained pending in state court, and the limitations period remained tolled, until

January 2, 2009, when the state appellate court granted petitioner's agreed motion

for disposition following the circuit court's dismissal of his postconviction petition.

*See* Exh. J.[5] Thus, when the limitations period began running the next day,

petitioner had 285 days — until October 14, 2009 — in which to file his federal

---

[5] The limitations period did not further remain tolled until March 27, 2009, the date on which the state trial issued the amended mittimus, because after January 2, 2009, petitioner's postconviction petition was no longer pending. In any event, even if the limitations period had been tolled for that additional time, petitioner's federal habeas petition would still be untimely.

habeas petition. But petitioner did not file his petition in this Court until September 7, 2010, nearly a year after the limitations period expired.[6]

On September 2, 2010, petitioner filed a motion for leave to file a successive postconviction petition. *See* Doc. 15. The state trial court denied that motion on December 10, 2010. *See* Exh. K at 11. Accordingly, petitioner's motion for leave to file a successive postconviction petition was not a "properly filed application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009). However, even if the state trial court had allowed petitioner to file the successive postconviction petition

---

[6] The state appellate court's order on postconviction review vacating two of petitioner's convictions and ordering the trial court to issue an amended mittimus (Exh. J) did not alter the finality of petitioner's conviction, and thereby restart the limitations period under § 2244(d)(1)(A), because it did not reopen the time for petitioner to pursue direct review of his conviction. In other words, because the limited postconviction relief that petitioner obtained did not allow him to take a new direct appeal of his conviction, or in any way call into question the finality of his judgment of conviction, *see, e.g.*, *People v. Street*, 311 N.E.2d 796 (Ill.App. 1974) (correction of mittimus on remand from appellate court not appealable); *People v. Wright*, 787 N.E.2d 870, 872-73 (Ill.App. 2d Dist. 2003) ("A trial court's act of correcting a mittimus . . . is a ministerial act and does not change the underlying sentence."), the Supreme Court's narrow holding in *Jimenez v. Quarterman*, 129 S.Ct. 681, 687 (2009) — "that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)" — does not apply here. In any event, even if petitioner could have taken a direct appeal from the state trial court's March 27, 2009 amended mittimus, his federal habeas petition still would be untimely. Because petitioner did not take a direct appeal from the amended mittimus, his conviction would have become final under § 2244(d)(1)(A) on April 26, 2009, thirty days after the amended mittimus issued. In that case, his federal habeas petition would have been due on April 26, 2010. But he did not file his federal habeas petition until September 7, 2010.

— or if the state appellate court were to hold on appeal that the trial court should have allowed petitioner leave to file the successive postconviction petition — its filing, after petitioner's federal limitations period had already expired, came too late to toll the statute of limitations and cannot revive the already-expired limitations period. *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding."). Accordingly, because the state court resolution of petitioner's motion for leave to file a successive postconviction petition will have no effect on the untimeliness of his federal habeas petition, there is no need to stay these proceedings pending resolution of those state proceedings.

Finally, there are no grounds for equitably tolling the limitations period to excuse petitioner's untimeliness. "[A] petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). Petitioner has not alleged — nor does anything in the record suggest — that he could make either of these showings. Accordingly, the Court should deny petitioner's motion for a stay and dismiss the federal habeas petition with prejudice as untimely.

Upon entering an order dismissing the petition, this Court should also deny petitioner a certificate of appealability (CA). *See* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  To obtain a CA, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In addition, where the district court denies a habeas petition on procedural grounds such as timeliness, without reaching the merits of the underlying constitutional claims, the petitioner must show not only that jurists of reason would find it debatable whether he has alleged at least one meritorious claim, but also that jurists of reason would find the procedural ruling debatable.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For the reasons discussed above, jurists of reason would not find the untimeliness of petitioner's federal habeas petition debatable.

## <u>CONCLUSION</u>

This Court should deny petitioner's motion for a stay, dismiss the petition for a writ of habeas corpus with prejudice as time-barred under 28 U.S.C. § 2244(d), and decline to issue a certificate of appealability. If this Court determines that the petition is not time-barred, respondent requests an opportunity to address in a subsequent pleading the merits of, or any procedural or other defenses to, the claims presented in the petition.

January 12, 2011                                    Respectfully submitted,

                                                    LISA MADIGAN
                                                    Attorney General of Illinois


                                    By:      s/Eric M. Levin_____
                                             ERIC M. LEVIN, Bar # 6284971
                                             Assistant Attorney General
                                             100 West Randolph Street, 12th Floor
                                             Chicago, Illinois 60601-3218
                                             TELEPHONE: (312) 814-8812
                                             FAX: (312) 814-2253
                                             E-MAIL: elevin@atg.state.il.us

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 12, 2011, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of this document via the United States Postal Service to the following non-CM/ECF user:

Michael Thomas, B65390
Hill Correctional Center
600 South Linwood Road
P.O. Box 1700
Galesburg, IL 61402

s/Eric M. Levin
Eric M. Levin, Bar # 6284971
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3128
Telephone: (312) 814-8812
Fax: (312) 814-2253
E-mail: elevin@atg.state.il.us