# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5766 | **DATE** | 7/8/2011 |
| **CASE TITLE** | Thomas vs. Acevedo | | |

**DOCKET ENTRY TEXT**

Respondent's motion to dismiss the petition as untimely [#16] is granted. The petition is dismissed with prejudice. This case is terminated. See statement below.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

# STATEMENT

     Michael Thomas, who is currently incarcerated at Stateville Correctional Center, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). For the reasons that follow, the motion [# 16] is granted and Thomas's petition [# 8] is dismissed with prejudice.

     On April 22, 2004, petitioner Thomas was convicted of three counts of first degree murder and sentenced to fifty-two years of imprisonment. On August 4, 2006, the Illinois Appellate Court affirmed the conviction. Thomas then filed a petition for leave to appeal, which the Illinois Supreme Court denied on November 29, 2006. He did not seek review in the United States Supreme Court.

     Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to habeas corpus petitions challenging a state court conviction in federal court. The limitations period runs from the latest of four possible dates: (A) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date the impediment to filing an application created by state action in violation of federal law is removed, if the applicant was prevented from filing by such state action; (C) the date the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Because no showing or argument has been made that any of § 2244(d)(1)(B), (C), or (D) applies in this case, § 2244(d)(1)(A) applies here, *i.e.*, the petition must have been filed within one year from the date the judgment became final.

     The time during which Thomas could have petitioned the United States Supreme Court for a writ of certiorari after leave to appeal was denied expired on February 27, 2007. Therefore, Thomas's judgment became final and the statute of limitations began to run on that date. *See Anderson* v. *Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) ("[T]he ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of

limitations begins to run.").

On May 18, 2007, eighty days later, Thomas filed his post-conviction petition with the state trial court, thereby tolling the statute of limitations.[1] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation…."). The circuit court dismissed Thomas's petition on August 9, 2007. Thomas filed a motion for reconsideration on September 6, 2007. The circuit court denied reconsideration on September 25, 2007.

Thomas filed a timely appeal on October 12, 2007. The Illinois Appellate Defender undertook his representation. Thomas's appeal raised only one issue: whether the trial court erred in entering convictions and sentences on multiple murder counts where there was only one decedent. The state did not contest that the trial court erred. The Illinois Appellate Court entered an order vacating two of Thomas's convictions on January 2, 2009. The court entered judgment on the entire appeal at that time. On March 27, 2009, the circuit court issued a corrected mittimus. Thomas's federal habeas petition was due not later than 285 days after January 2, 2009, *i.e.*, on October 14, 2009 (one year less eighty days from January 2, 2009).[2] Thomas's case is deemed filed on September 7, 2010, 328 days after the statute of limitations ran.[3]

On September 2, 2010, Thomas filed a motion in the circuit court for leave to file a successive post-conviction petition. The motion was denied. Thomas's habeas corpus petition remains untimely, however, because "the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission [to file] is granted." *Martinez* v. *Jones*, 556 F.3d 637, 639 (7th Cir. 2009).

Under certain circumstances, the § 2244(d) limitations period may be subject to equitable tolling. "Equitable tolling is rarely granted." *Tucker* v. *Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). To be entitled to equitable tolling, a habeas petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way and prevented his timely filing. *Holland* v. *Florida*, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Thomas claims that the limitations period should be equitably tolled because "his confin[e]ment in a disciplinary institution . . . contributed to his delay by denial of access to the law library due to retirement of the library clerk" and that he could not access the library because of his "continued back and fort[h] to the seg[re]gation unit." [# 21]. He also claims that he was unable to file a timely petition because the library has a "limited amount" of "out-dated" law books, no computers, and inmates with knowledge of the law were transferred to other institutions and could not assist him. *Id.* Finally, Thomas asserts that he was not able to work on his habeas petition because of unspecified prison lock-downs. [#24].

The Seventh Circuit has held that "prisoner's limited access to the prison law library is not grounds for equitable tolling." *Tucker*, 538 F.3d at 735. Furthermore, "restrictions on a prisoner's activities are, unfortunately, a perfectly ordinary incident of prison life, and they cannot excuse years of delay in seeking relief." *Knight* v. *Bartley*, No. 07 C 6098, 2011 WL 862046, at *3 (N.D. Ill. Mar. 4, 2011). Thomas has not demonstrated that his circumstances were extraordinary, and he is therefore not entitled to equitable tolling.

For the foregoing reasons, respondent's motion to dismiss Thomas's petition is granted. Since reasonable jurists would not find this court's procedural ruling debatable, *Slack* v. *McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), this court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

---

1. In Illinois, *pro se* post-conviction petitions accompanied by proof of service or by an affidavit verifying their mailing date are covered by the "mailbox rule." *People* v. *Saunders*, 633 N.E.2d 1340, 1341-43, 261 Ill. App. 3d 700, 199 Ill. Dec. 349 (1994). Thomas's petition includes a proof of service

states that it was placed in the mail at Menard Correctional Center on May 18, 2007. The petition is considered to have been filed on that date.

2. Thomas does not argue that the statute of limitations was further tolled until March 27, 2009, when the circuit court issued a corrected mittimus pursuant to the Illinois Appellate Court's order. Such an argument would be without merit, because "[a] trial court's act of correcting a mittimus . . . is a ministerial act and does not change the underlying sentence. . . . It is not a part of the common law record, and the trial court may amend the mittimus at any time." *People* v. *Street*, 787 N.E.2d 870, 873, 337 Ill. App. 3d 759, 272 Ill. Dec. 684 (2003). Even if the limitations period were tolled until the trial court issued the amended mittimus on March 27, 2009, Thomas's petition would have been untimely by 244 days.

3. Although the petition was not received by the court until September 10, 2010, the court's docket states that the envelope in which the petition was received was postmarked September 7, 2010. [Dkt. #1]. Rule 3(d) of the rules governing section § 2254 cases provides for a "mailbox rule" in federal habeas cases: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Because there is no proof of service to indicate the petition was placed in the prison's mail at an earlier date, the court considers the petition as having been filed on September 7, 2010.